UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT RUSSELL BRADSTREET,

        Plaintiff,                  Case No. 1:08-cv-1034

v.                                       Honorable Paul L. Maloney

CALHOUN COUNTY BOARD OF
COMMISSIONERS et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1985, 1986. Plaintiff has paid the filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's complaint will be dismissed because the Calhoun County Judge and Prosecuting Attorneys, and the Michigan Attorney General are immune from suit and Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## Discussion

I. **Factual Allegations**

Plaintiff is presently incarcerated at the Florence Crane Correctional Facility. In his *pro se* complaint, Plaintiff sues the following Defendants for violations of his rights under the Fifth, Sixth and Fourteenth Amendments: Calhoun County Board of Commissioners; Calhoun County Judge Allen Garbrecht; Calhoun County Prosecutors Jon Sahli, Susan Mladenoff and John Hallacy; Attorneys Richard Stevens, Roberta Gubbins, Patrick O'Connell, Darrel Price and Jeanice Dagher-Margosian; and Michigan Attorney General Michael Cox. (Compl. at 6, docket #1.)

In 1995, following a bench trial before Judge Garbrecht, Plaintiff was convicted of three counts of criminal sexual conduct (CSC) in the first degree, in violation of MICH. COMP. LAWS § 750.520(b), and three counts of criminal sexual conduct in the second degree, in violation of MICH. COMP. LAWS § 750.520(c). (Compl. at 18-19, 21.) He presently is serving prison terms of 20 to 40 years for each of the first-degree CSC convictions and concurrent prison terms of 6 to 15 years for each of the second-degree CSC convictions. His convictions were affirmed on direct appeal. (*Id.* at 28.) In 1999, Plaintiff filed a motion for relief from judgment under MICH. CT. R. 6.500 *et seq*. After holding an evidentiary hearing regarding the issue of whether Plaintiff waived his right to a jury trial, the trial court denied Plaintiff's 6.500 motion. (*Id.* at 30-31.) In 2002, Plaintiff filed his first petition for a writ of habeas corpus, which was dismissed by this Court as time-barred. *See Bradstreet v. Howes,* Case No. 4:02-cv-124, docket #17 (W.D. Mich. Aug. 27, 2002).

Plaintiff subsequently moved in the Sixth Circuit Court of Appeals for an order authorizing the district court to consider a second or successive habeas corpus petition under 28 U.S.C. § 2244. In that motion, Plaintiff argued that his state court convictions were void because

the trial court lacked jurisdiction over him. Plaintiff alleged that the jurisdictional defect was due to the fact that three of the charges brought against him were not predicated on a complaint signed by a magistrate judge. The Sixth Circuit denied Plaintiff's motion on October 25, 2007. *See Bradstreet,* Case No. 4:02-cv-124, docket #21.

In the instant complaint, Plaintiff states that he is not attempting to appeal his criminal convictions. (Compl. at 7.) Rather, Plaintiff alleges that Defendants engaged in a conspiracy to convict Plaintiff of three additional criminal sexual conduct charges, which were never officially charged against him. (*Id.* at 9.) Specifically, Plaintiff argues "Mr. Hallacy had charged four (4) counts of First Degree and five (5) counts of Second degree CSC, violating [P]laintiff's notice to his charges (Fifth Amendment), due process [rights] (Sixth and Fourteenth Amendments), and rights to a fair trial (Sixth Amendment)." (*Id.* at 19.) As Plaintiff had not been officially charged with the additional crimes, the trial court allegedly did not have jurisdiction over him. (*Id.* at 20-21.) Plaintiff also states several sentencing errors due to the additional charges. (*Id.* at 28.)

Because he had not waived his right to a jury trial, Plaintiff argues that Defendants violated his rights to due process and a fair trial. (*Id.* at 19, 26.) Plaintiff further argues that he was denied his Sixth Amendment right to confront witnesses when the judge excused a witness, and his right to the effective assistance of trial and appellate counsel when counsel failed to object to the "false charges" and to the waiver of Plaintiff's jury trial. (*Id.* at 23, 25, 29-31.) Plaintiff states that he notified several Defendants regarding the actions of the court, but they failed to take any action on his behalf. (*Id.* at 17.) Plaintiff finally asserts several state law claims: fraud, misrepresentation, legal malpractice and negligence. (*Id.* at 7, 9, 15-17, 20.)

For relief, Plaintiff requests injunctive and declaratory relief and monetary damages. (*Id.* at 39-42.)

## II. **Immunity**

### A. Judicial Immunity

Plaintiff claims that Calhoun County Judge Garbrecht violated his constitutional rights by considering three additional CSC charges, which were never officially charged against Plaintiff, during his bench trial and his sentencing. Plaintiff also alleges that Judge Garbrecht excused a witness in violation of Plaintiff's right to confront witnesses under the Sixth Amendment. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691, 691-92 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-48 (E.D. Mich. 2006); *accord Azubuko v. Royal*, 443 F.3d 302, 303-04 (3rd Cir. 2006); *Haas v. Wisconsin*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-242 (11th Cir. 2000).

Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 12 (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)); *see also Forrester v. White*, 484 U.S. 219, 227-29 (1988).

Allegations arising from Plaintiff's challenges to his state criminal proceedings involve the performance of judicial duties and fail to implicate either of the exceptions to judicial immunity. Plaintiff attempts to argue that Judge Garbrecht lacked jurisdiction over Plaintiff's criminal case. (Compl. at 20-21.) However, there is no doubt that Plaintiff's bench trial and sentencing were judicial acts. Accordingly, Judge Garbrecht is absolutely immune from liability for such conduct. Because Judge Garbrecht is clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages or injunctive relief against him. 28 U.S.C. § 1915(e)(2)(B)(iii).

B. Prosecutorial Immunity

Calhoun County Prosecutors Jon Sahli, Susan Mladenoff and John Hallacy and Michigan Attorney General Michael Cox are entitled to absolute immunity.[1] Calhoun County

---

[1] Plaintiff also alleges that Chief Prosecutor Sahli and Michigan Attorney General Michael Cox failed to oversee the assistant prosecutors. (Compl. at 13, 17.) A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). As the Sixth Circuit has repeatedly emphasized:

Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must

Prosecutors Jon Sahli, Susan Mladenoff and John Hallacy are entitled to immunity for their actions in prosecuting Plaintiff's 1995 criminal action and in investigating and testifying at the 1999 evidentiary hearing. Hallacy prosecuted the 1995 case against Plaintiff. (Compl. at 13-14.) Chief Prosecutor Sahli supervised Hallacy in 1995. (Compl. at 13.) In 1999, Mladenoff attended Plaintiff's evidentiary hearing. (*Id.* at 13, 31-32.)

The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester*, 484 U.S. at 229; *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role of an

---

be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998)).

advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Plaintiff complains of the Calhoun County Prosecutors' role in pursuing the prosecution of Plaintiff's CSC charges and in investigating and testifying at a subsequent evidentiary hearing. Obviously, Plaintiff complains of the Prosecutors' role as an advocate. Accordingly, the Calhoun County Prosecutors Sahli, Mladenoff and Hallacy are entitled to immunity.

Likewise, Michigan Attorney General Michael Cox is entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 271-78 (1993). Plaintiff alleges that Cox failed to take any action to investigate the "illegal acts" of Prosecutor Hallacy. (Compl. at 17.) The Attorney General is entitled to prosecutorial immunity for refusing to take action on a plaintiff's behalf. *Johns v. Bonnyman,* 109 F. App'x 19, 22 (6th Cir. 2004) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Therefore, Michigan Attorney General Michael Cox is entitled to immunity.

### III. **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not

accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. State Actors

As stated above, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law to state a claim under 42 U.S.C. § 1983. *See West*, 487 U.S. at 48; *Street*, 102 F.3d at 814. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff cannot show that his attorneys, Richard Stevens, Roberta Gubbins, Patrick O'Connell, Darrel Price and Jeanice Dagher-Margosian, acted under color of state law. In *Polk*

*County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel — whether privately retained or paid by the state — acts purely on behalf of the client and free from state control. *Id*. The Sixth Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions. *See, e.g.*, *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000); *Watson v. Carreer*, No. 99-5319, 1999 WL1282433, at *1 (6th Cir. Dec. 27, 1999); *Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998); *Carson v. Giovanni*, No. 88-1412, 1988 WL 107376, at *1 (6th Cir. Oct. 14, 1988). Accordingly, Attorneys Stevens, Gubbins, O'Connell, Price and Dagher-Margosian did not act under color of state law, and, thus, no claim under § 1983 can be maintained against them.

B. *Heck* Bar

While Plaintiff declares that he is not challenging his convictions or sentence, his allegations clearly call into question his CSC convictions and sentences. (Compl. at 7.) The crux of Plaintiff's argument is that Defendants unconstitutionally charged him with three additional CSC charges and enhanced his sentence because of those charges. Plaintiff also alleges that he was denied the right to confront witnesses, the right to the effective assistance of counsel and his ability to waive his right to a jury trial. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to Sections 1983, 1985(3) and 1986. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. at 486-87. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged

unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). In addition, *Heck* applies not only to claims brought under § 1983, but also to those raised under §§ 1985 and 1986. *See Lanier v. Bryant*, 332 F.3d 999, 1005-006 (6th Cir.2003) (applying Heck to § 1985 action). Thus, Plaintiff's claims under 42 U.S.C. §§ 1983, 1985 and 1986 are barred under *Heck* until his criminal convictions have been invalidated.

      C.  State Law Claims

    To the extent that Plaintiff asserts claims of fraud, misrepresentation, legal malpractice and negligence, those claims arise solely under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Accordingly, these claims will be dismissed without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) because the Calhoun County Judge and Prosecuting Attorneys, and the Michigan Attorney General are immune from suit and Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: November 26, 2008          /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  Chief United States District Judge